UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
FRANKFORT

CIVIL ACTION NO. 05-CV-60-KKC

CONNIE ANTHONY BLACKEFER                                             PLAINTIFF

VS:                          **MEMORANDUM OPINION AND ORDER**

FRANKLIN COUNTY REGIONAL JAIL                          DEFENDANT(S)

*** *** *** ***

Connie Anthony Blackefer, an individual confined in the Roederer Correctional Complex in LaGrange, Kentucky, has submitted a *pro se* civil rights complaint, pursuant to 42 U.S.C. §1983, and a motion to proceed *in forma pauperis*.  The motion will be granted by separate Order.

The complaint is now before the Court for initial screening.  28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

To establish a right to relief under §1983, the plaintiff must plead and prove two essential elements.  He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of state law.  *Parratt v. Taylor*, 451 U.S. 527, 535 (1981); *O'Brien v. City of Grand Rapids*, 23 F.3d 990 (6th Cir. 1994).

NAMED DEFENDANTS

In the caption portion of the complaint form, the plaintiff has written that the defendant is the Franklin County Regional Jail; later, on page 3, he lists the following as the defendants: Jailer Hammermeister; Larry Hardin; and Shift Supervisor Grimes.

FACTUAL ALLEGATIONS AND LEGAL CLAIMS

The factual allegations in the complaint are scant.  With regard to his stay at the Franklin County Regional Jail, the plaintiff complains of "having problems" with his cell-mate; a later "altercation," apparently with someone else; and his later being "jumped" by other inmates.  He also complains of having been restrained.  Additionally, his water was cut off for 4 days, he was not given sandals for showering, and he was "taken off" double portions at meals despite being 45 pounds underweight.

As to the legal basis for his claims, the plaintiff has written that he lived under unsanitary conditions and feared for his life.  The Court liberally construes this as an Eighth Amendment claim. Plaintiff seeks damages.

DISCUSSION

The instant complaint cannot proceed further for several reasons.  Before reaching the question of whether the instant plaintiff has stated a cognizable federal claim, the Court must examine whether Mr. Blackefer has satisfied a pre-condition to the filing of a prisoner-plaintiff's lawsuit.  In the Prison Litigation Reform Act of 1995 (PLRA), effective April 26, 1996, the United States Congress legislated as follows:

> No action shall be brought with respect to prison conditions under §1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. §1997e(a).  The Supreme Court of the United States has twice examined the statute and held that it means precisely what it says.  *See Booth v. Churner*, 532 U.S. 731, 741 (2001); *Porter v. Nussle*, 534 U.S. 516, 532 (2002).

2

The Sixth Circuit has consistently insisted on a clear demonstration of compliance with the statute at the time of filing, *i.e.*, a plaintiff must either attach copies of the documents from the administrative process or describe the administrative steps he took and responses he received in the process, with particularity. *Brown v. Toombs*, 215 F.3d 640, 642 (6th Cir.), *cert. denied*, 117 S. Ct. 88 (1998); *Knuckles El v. Toombs*, 215 F.3d 640, 642 (6th Cir. 2000).   Unless the record demonstrates that the requirements of §1997e(a) have been met, a district court must dismiss the lawsuit without prejudice. *Id.*

Further, the Sixth Circuit has decided that federal courts within this circuit must follow the "total exhaustion" rule, meaning that whenever there is a single unexhausted claim, despite the presence of other exhausted claims, the court must dismiss the entire complaint for failure to exhaust. *Bey v. Johnson*, 407 F.3d 801, 806 (6th Cir. 2005).  *See also Walton v. Bouchard*, 136 Fed.Appx. 846, 848 (6th Cir. 2005) (unpublished) (affirming dismissal of complaint because discrimination claim was unexhausted as to every defendant); *Williams v. Overton*, 136 Fed.Appx. 859, 862 (6th Cir. 2005) (unpublished) (same); *see also Sanchez-Ramos v. Sniezek*, 370 F.Supp.2d 652, 656-57 (N.D. Ohio 2005) (dismissing the prisoner's entire action, an assault claim being exhausted but his retaliation and medical care claims being unexhausted).

In the cause of action *sub judice*, the plaintiff has used a common prisoner complaint form, which contains questions about the available administrative remedies.  The plaintiff has responded that there was a grievance procedure a the Franklin County Regional Jail and that he used it.  For the results thereof, the plaintiff has written that he "filed a complaint to the jailer Hammermeister, over unsanitary living conditions."  Record No. 1.  In a later-filed document, in direct response to this Court's inquiry, he writes that he told his family, his lawyer, the defendants and others at the jail, but

3

his responses were:  none; threats; no food or sandals; "toilet not flushed for days."  Record No. 4.

In short, the plaintiff has not demonstrated that he exhausted his administrative remedies with any claim.  He may have done so with regard to the unsanitary conditions, which he allegedly addressed with Defendant Hammermeister, but he has not supplied enough information to know if the lodging of a complaint with the jailer was the totality of the administrative process.  If the process was ended at that point, then that claim, against the jailer only, would be exhausted.  However, unsanitary conditions are not the only claim herein.  The plaintiff has complained of being in fear for his life at the jail, but does not allege that he raised the matter administratively or that he specifically complained of any of the named defendants in regard to this claim.

Therefore, because all of the plaintiff's conditions of confinement claims have not demonstrated to have been totally exhausted administratively, none may proceed further.  Exhaustion is not a mere formality.  The Sixth Circuit has repeatedly underscored the underlying reasons for exhaustion, explaining that it is a statutory requirement and that "the importance of using the prison grievance process [is] to alert prison officials to problems." *Freeman v. Francis*, 196 F.3d 641, 644 (6th Cir. 1999); *see also Curry v. Scott*, 249 F.3d 493, 505 (6th Cir. 2001); *Hartsfield v. Vidor*, 199 F.3d 305, 308-09 (6th Cir. 1999).  Not having alerted officials to specific conditions and specific individuals imposing them, the plaintiff may not now be permitted to surprise them with a lawsuit for damages.

Even were the unsanitary conditions the only claim and its administrative exhaustion clearly demonstrated, the Court is of the opinion that the plaintiff fails to state a cognizable constitutional claim herein.  The Eighth Amendment, as applied to the states through the Fourteenth Amendment, prohibits the infliction of cruel and unusual punishment upon prisoners. *Wilson v. Seiter*, 501 U.S.

4

294 (1991).  The Eighth Amendment's protections extend to prisoners' conditions of confinement. *Whitley v. Albers*, 475 U.S. 317 (1986).

In assessing prison conditions under the Eighth Amendment standard, conditions considered alone or in combination with other conditions must amount to a deprivation of "life's necessities." *Walker v. Mintzes*, 771 F.2d 920, 925 (6th Cir. 1985) (citing *Rhodes v. Chapman*, 452 U.S. 337 (1981)).  Conditions that might be deemed cruel and unusual if they were permanent may not rise to the level of an Eighth Amendment claim if they are only temporarily imposed upon a prisoner. *Wilson v. Seiter*, 501 U.S. 294, 300 (1991); *see also Hutto v. Finney*, 437 U.S. 678, 686-87 (1978).

In this case, it cannot be determined that the plaintiff has personally suffered any serious deprivation of a basic human need.  Neither can it be determined that the plaintiff's conditions of confinement have inflicted or were intended to inflict wanton pain.  The plaintiff's complaints do not establish either the objective component or the subjective component of the Eighth Amendment analysis, do not rise to the level of an Eighth Amendment violation and, therefore, are frivolous. *See Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1980).

Finally, in responding to the complaint form inquiry into what relief he is seeking, the plaintiff has written that he wants damages for putting him at risk for hepatitis and other diseases.  However, he does not state that he has suffered an injury to date.  With regard to lawsuits by institutionalized persons, Congress has enacted the following:

> (e)     Limitation on recovery
>         No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

42 U.S.C. §1997e (e).  The plaintiff herein alleges no physical injury occurring as a result of

5

the conditions complained of.  Therefore, he may not properly maintain this lawsuit.  *See*

*Zehner v. Trigg*, 952 F.Supp. 1318 (S.D. IN 1997) (no physical injury from asbestos in the

air requires dismissal, without prejudice to plaintiff's right to later satisfy the physical injury

requirement).   For this reason also, dismissal is appropriate pursuant to 28 U.S.C.

§1915A(b)(1).

<u>CONCLUSION</u>

Accordingly, the Court being advised, **IT IS ORDERED** that the instant cause of

action be **DISMISSED**, *sua sponte*, and Judgment shall be entered contemporaneously with

this Memorandum Opinion and Order in favor of the defendants.

Dated this 2nd  day of November, 2005.

**Signed By:**

**_Karen K. Caldwell_**

**United States District Judge**